UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

# 05 10674 WGY

| | |
|---|---|
| PARTNERS IN HEALTH,<br>A NONPROFIT CORPORATION<br><br>    Plaintiff,<br>v.<br><br>PARTNER IN HEALTH, INC.<br><br>    Defendant. | Civil Action No._____<br><br>MAGISTRATE JUDGE_____ |

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED:_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

## COMPLAINT

In this action plaintiff Partners In Health, a nonprofit corporation ("PIH") seeks injunctive relief and damages for acts of trademark infringement, unfair competition, false designation of origin, and other unlawful acts of defendant Partner In Health, Inc. ("Partner In Health"), all in violation of the laws of the United States and the Commonwealth of Massachusetts.

### THE PARTIES

1.   Plaintiff Partners In Health is a Massachusetts corporation having its principal place of business at 641 Huntington Ave, 1st Floor, Boston, Massachusetts.

2.   Upon information and belief, defendant Partner In Health, Inc. is a Virginia corporation having its principal place of business at 6804 Melrose Drive, McLean, Virginia.

LITDOCS/592362.1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question) and 1338 (trademark and unfair competition claims). The federal claims include trademark infringement, false designation of origin, and unfair competition under the Lanham Act (15 U.S.C. § 1051 et seq.). Alternatively, this Court has jurisdiction under 28 U.S.C. § 1332, as this suit involves citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000), not counting interest and costs.

4. This Court has jurisdiction over the state law and common law claims under the doctrine of pendant jurisdiction 28 U.S.C. § 1337. The state and common law claims arise from or are substantially related to the same acts giving rise to the federal claims.

5. This Court has personal jurisdiction over defendant Partner In Health under the Massachusetts long arm statute, M.G.L. c. 223A, § 3, because the claims arise from Partner In Health's tortious conduct causing harm in the Commonwealth of Massachusetts.

6. Venue in this Court is proper under 28 U.S.C. § 1391. Partner In Health is subject to jurisdiction in this district and a substantial part of the accused infringement, unfair competition, and other unlawful acts occurred in this district.

## FACTUAL BACKGROUND

7. Plaintiff PIH was founded in 1987, and it began using "Partners In Health" as its corporate name at that time. It began using the PARTNERS IN HEALTH and PIH marks in interstate commerce shortly thereafter, and has continuously used the mark throughout the United States since that time. PIH began using the domain name www.pih.com in connection with its Internet web site in September 2002.

8. PIH uses its PARTNERS IN HEALTH and PIH marks in connection with providing important healthcare services in impoverished and otherwise disadvantaged areas around the world, including communities in the United States and Central and South America. A fundamental component of PIH's mission is providing medical care to local residents in these communities. PIH also serves as a repository for health-related expertise and acts as an intermediary between community health organizations in the areas it serves. In order to accomplish its goals, PIH relies heavily on the strength and goodwill associated with its marks to raise the necessary funds to operate the organization. This fund raising is marketed throughout the United States and worldwide, including via the Internet and at charitable events. PIH's donors include but are not limited to companies, foundations, trusts and individuals.

9. PIH is the owner of a federal registration of the mark PIH, Reg. No. 2,922,257 filed with the United States Patent and Trademark Office ("USPTO") on November 26, 2003, and registered on February 1, 2005, for use in connection with "charitable services, namely, assisting community-based organizations in improving economic-based healthcare issues thorough the international provision of medical supplies, charitable fund raising; and philanthropic services, namely, monetary donations, and providing technical assistance to community-based organizations in the establishment and/or operation of health services organizations."

10. PIH has used its PARTNERS IN HEALTH and PIH marks in connection with charitable services, namely, assisting community-based organizations in improving economic-based healthcare issues thorough the international provision of medical supplies, charitable fund raising; and philanthropic services, namely, monetary donations, and providing technical assistance to community-based organizations in the establishment and/or operation of health

services organizations, including in advertising, press releases and press kits, brochures, and materials distributed at charitable events; (2) its Internet web site, (3) its letterhead and business cards, and (4) invoices that it issues to donors.

11. By virtue of continuous use of its PARTNERS IN HEALTH and PIH marks in the Commonwealth of Massachusetts and throughout the United States, consumers and donors have come to associate the PARTNERS IN HEALTH and PIH marks with PIH's work in providing important healthcare services in impoverished areas around the world, and PIH has established trademark, trade name, and service mark rights in its PARTNERS IN HEALTH and PIH marks under the laws of the Commonwealth of Massachusetts, other states, and the United States.

12. Partner In Health identifies itself as a two year old organization and or on information and belief, Partner In Health registered the domain name www.partnerinhealth.org on April 2, 2001, well after the PIH began using the PARTNERS IN HEALTH and PIH marks in commerce.

13. On information and belief, Partner In Health provides healthcare related services to areas around the world including Central America and in particular Guatemala. Like PIH, Partner In Health raises funds through a variety of channels including charitable events and via the internet.

14. PIH was using the PARTNERS IN HEALTH and PIH marks for well over a decade before Partner In Health began operations. Partner In Health knew or should have known of the existence of the PARTNERS IN HEALTH and PIH marks at all relevant times as a result of the similar organizational roles and donor competition, the constructive notice provided by the registration of the PIH mark, and PIH's continuous use of PARTNERS IN HEALTH as a

company name in interstate commerce since at least 1987.

15. Partner In Health has infringed PIH's rights in the PIH and PARTNERS IN HEALTH marks in interstate commerce. Partner In Health's infringement includes without limitation the following acts: (1) adopting the PIH mark, which is identical to PIH's PIM mark; (2) adopting the PARTNER IN HEALTH mark, which is confusingly similar to the PARTNERS IN HEALTH mark, (3) distributing promotional materials using the identical and/or confusingly similar PARTNER IN HEALTH and/or PIH marks; (4) promoting, marketing, and selling Partner In Health services and solicitation of donations using the identical and/or confusingly similar PARTNER IN HEALTH and/or PIH marks; and (5) using the domain name www.partnerinhealth.org, which is confusingly similar to the PARTNERS IN HEALTH.

16. PIH has never authorized Partner In Health to use, maintain, seek to register, or register the PARTNERS IN HEALTH or PIH marks or any mark that is confusingly similar to these marks for use in connection with Partner In Health's services, or as its domain name, or corporate name.

17. Partner In Health's use of the PARTNER IN HEALTH and PIH marks has caused confusion, mistake, and deception as to affiliation, connection, or association of Partner In Health with PIH, and as to the origin, sponsorship, or approval of Partner In Health's programs and activities by PIH. PIH is aware of at least one instance of actual confusion where a donor confused PIH with Partner In Health.

18. PIH has been damaged by such use of the PARTNER IN HEALTH and PIH marks, and the PARTNERINHEALTH domain name and company name by Partner In Health.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### IN VIOLATION OF SECTION 32(1) OF THE LANHAM ACT

19. PIH repeats and re-alleges each allegation contained in the preceding paragraphs.

20. Partner In Health uses the unauthorized PIH mark in connection with sale, offer for sale, advertising of goods and services and solicitation of donations in interstate commerce.

21. Partner In Health's unauthorized use of the PIH mark, as described above, constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, codified at 15 U.S.C. §1114(1).

22. Partner In Health's use of the PIH mark has caused and is causing substantial and irreparable injury to PIH, which injury cannot be accurately measured at this time, and will continue to cause substantial and irreparable injury unless Partner In Health's use of the PIH mark is enjoined by this Court.

23. Partner In Health's infringement of the PIH mark has been willful, wanton, reckless, and in total disregard of PIH's rights.

## COUNT II

### TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE
### DESIGNATION OF ORIGIN
### UNDER §43 OF THE LANHAM ACT

25. PIH repeats and re-alleges each allegation contained in the preceding paragraphs.

26. Partner In Health has engaged in unlawful acts that constitute unfair competition and false designation of origin in violation of § 43(a) of the Lanham Act, codified at 15 U.S.C. 1125 (a).

27. Partner In Health's unlawful acts constitute commercial use in interstate commerce.

28. Partner In Health's acts are causing irreparable injury to PIH, for which there is no adequate remedy at law, and will continue to do so unless Partner In Health's use of the PARTNER IN HEALTH mark, domain name, and company name is enjoined by this Court.

29. By reason of the foregoing, PIH has suffered monetary damages and loss of goodwill.

30. Upon information and belief, Partner In Health's conduct as described above has been willful, wanton, reckless, and in total disregard for PIH's rights.

### COUNT III

### TRADEMARK AND TRADE NAME INFRINGEMENT UNDER MASSACHUSETTS COMMON LAW

31. PIH repeats and re-alleges each allegation contained in the preceding paragraphs.

32. Partner In Health has engaged in unlawful acts that constitute trademark, service mark, and trade name infringement under Massachusetts common law.

33. Partner In Health is engaged in trade and commerce in the Commonwealth of Massachusetts.

34. Partner In Health's acts are causing irreparable injury to PIH, for which there is no adequate remedy at law, and will continue to do so unless Partner In Health's use of the PARTNER IN HEALTH and PIH marks, and PARTNERINHEALTH domain name and company name is enjoined by this Court.

35. By reason of the foregoing, PIH has suffered monetary damages and loss of goodwill.

36. Upon information and belief, Partner In Health's conduct as described above has been willful, wanton, reckless, and in total disregard for PIH's rights.

## COUNT IV

**VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT**

37. PIH repeats and re-alleges each allegation contained in the preceding paragraphs.

38. With a bad faith intent to profit therefrom, Partner In Health has registered and used the domain name "partnerinhealth.org" which is confusingly similar to PIH's distinct and famous PARTNERS IN HEALTH mark.

39. Partner In Health has shown its bad faith intention to profit from PIH's name and goodwill through its registration of a domain name that, on information and belief, it knew was strikingly similar to the PARTNERS IN HEALTH mark.

40. Such conduct is in violation of the Anticybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), and such violations are ongoing.

41. Through such conduct, Partner In Health has caused and continues to cause irreparable harm to PIH, its PARTNERS IN HEALTH mark, and its goodwill and reputation, and has thereby damaged PIH.

## COUNT V

**UNFAIR COMPETITION IN VIOLATION OF MASS. GEN. LAWS C. 93(A)**

42. PIH repeats and re-alleges each allegation contained in the preceding paragraphs.

43. PIH and Partner In Health are both engaged in trade and commerce in the Commonwealth of Massachusetts.

44. Partner In Health has engaged in unlawful acts that constitute unfair competition and willful unfair or deceptive acts or practices in violation of Massachusetts common law.

45. Partner In Health's unlawful acts have taken place substantially in the Commonwealth of Massachusetts.

46. Partner In Health's acts are causing irreparable injury to PIH, for which there is no adequate remedy at law, and will continue to do so unless Partner In Health's use of the PARTNER IN HEALTH mark, domain name, and company name is enjoined by this Court.

47. Upon information and belief, Partner In Health's conduct as described above has been willful, wanton, reckless, and in total disregard for PIH's rights.

### REQUEST FOR RELIEF

THEREFORE, PIH respectfully asks this Court for the following relief:

A. Enter judgment in favor of PIH and against Partner In Health on Counts I through IV.

B. Order that Partner In Health, its officers, agents, employees, servants, attorneys, successors and assigns, and all those in privity and acting in concert therewith, be preliminarily and permanently enjoined from:

   1. Using any PARTNERS IN HEALTH-formative mark, including without limitation the PARTNER IN HEALTH mark, the company name Partner In Health, Inc., and the www.partnerinhealth.org domain name, or any other mark confusingly similar to the PARTNERS IN HEALTH-formative marks, in connection with the solicitation of donations, sale, offer for sale, advertising or promotion of its goods or services in the United States;

   2. Registering or attempting to register any trademark, service mark, trade name, or domain name that is confusingly similar to the PARTNERS IN

HEALTH-formative marks, including without limitation the PARTNER IN HEALTH mark.

3. Selling, transferring, or attempting to transfer any purported right, title, or interest in any PARTNERS IN HEALTH-formative marks.

4. Otherwise infringing PIH's PARTNERS IN HEALTH-formative marks.

5. Using any PIH-formative mark, including without limitation the PIH mark in connection with the solicitation of donations, sale, offer for sale, advertising or promotion of its goods or services in the United States;

6. Registering or attempting to register any trademark, service mark, trade name, or domain name that is confusingly similar to the PIH-formative marks, including without limitation the PIH mark.

7. Selling, transferring, or attempting to transfer any purported right, title, or interest in any PIH-formative marks.

8. Otherwise infringing PIH's PIH-formative marks.

C. Order Partner In Health to assign and transfer all rights in the partnerinhealth.org domain name and any other confusingly similar domain names to PIH.

D. Order Partner In Health to pay monetary damages and Partner In Health's profits to PIH in an amount to be determined at trial.

E. Multiply the amount of damages awarded to PIH as permitted by law.

F. Order Partner In Health to compensate PIH for the costs of this action, including reasonable attorney's fees.

G. Grant PIH such other, further, different, or additional relief as this Court deems equitable and proper.

## DEMAND FOR JURY TRIAL

Plaintiff PIH demands a trial by jury for all triable issues of all claims alleged by this complaint.

Respectfully submitted,

PARTNERS IN HEALTH

*By its attorneys,*

_____
Joshua M. Dalton, BBO #636402
David M. Magee, BBO #652399
**BINGHAM McCUTCHEN LLP**
150 Federal Street
Boston, Massachusetts 02110
Tel: (617) 951-8000
Fax: (617) 951-8736

Dated: April 6, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __PARTNERS IN HEALTH, A NONPROFIT CORPORATION v. PARTNER IN HEALTH__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☑ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

    ☐ IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

    ☐ V.   150, 152, 153.

    05 10674 WGY

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

    YES ☐   NO ☑

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☑   NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?

       Eastern Division ☑   Central Division ☐   Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __DAVID M. MAGEE; BINGHAM MCCUTCHEN LLP__
ADDRESS __150 FEDERAL STREET; BOSTON, MA 02110__
TELEPHONE NO. __(617) 951-8241__

(CategoryForm.wpd - 2/15/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PARTNERS IN HEALTH, A NONPROFIT CORPORATION

**DEFENDANTS**
PARTNER IN HEALTH

(b) County of Residence of First Listed Plaintiff: **SUFFOLK**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
DAVID M. MAGEE; BINGHAM MCCUTCHEN LLP; 150 FEDERAL STREET; BOSTON, MA 02110 TEL:(617)951-8241

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1114(1); 15 USC 1125(a); 15 USC 1125(d)

Brief description of cause:
Trademark Infringement; Cybersquatting

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions:)
JUDGE _____
DOCKET NUMBER _____

DATE: 4-6-05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____